EXHIBIT "A"

Brian R. Ade, Esq. (017221980)
RIVKIN RADLER LLP
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601
(201) 287-2460
Attorneys for Plaintiff
Veolia Water New Jersey, Inc.,
formerly known as SUEZ Water New Jersey Inc.

| | |
|---|---|
| VEOLIA WATER NEW JERSEY, INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>CLYDE L. COMSTOCK, and WISE FOODS , INC., and JOHN DOES 1-3, and ABC COMPANIES 1-3 (NAMES BEING FICTITIOUS)<br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>BERGEN COUNTY<br><br>DOCKET NO.:BER-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, Veolia Water New Jersey, Inc. formerly known as SUEZ Water New Jersey Inc. ("Veolia"), with a principal place of business located at 461 From Road, Suite 400, Paramus, New Jersey 07652, by way of Complaint against defendants Clyde Comstock and Wise Foods Inc., and the fictitiously named defendants (collectively, "Defendants") identified in the caption, says:

### <u>Count One -Negligence</u>

1. Veolia is a privately- owned, regulated water utility which provides water service to, among other places, the Township of Moonachie ("Moonachie"), Bergen County, New Jersey. Veolia owns, operates, and maintains the utilities necessary to provide water service in Moonachie, including the 12-inch water main beneath Carol Place.

2. At all times mentioned herein mentioned, defendant, Wise Foods Inc. ("Wise Foods"), upon information and belief, was and is a corporation authorized to and is doing business in the State of New Jersey, with its principal office located at 228 Rasely Street, Berwick, Pennsylvania.

3. At all times mentioned herein, Wise Foods was and is engaged in the business of manufacturing and supplying food products that are sold and delivered to outlets located in the Eastern United States, including New Jersey.

4. At all times mentioned herein, Clyde L. Comstock ("Comstock") residing at 53 Comstock Road, Benton, Pennsylvania, and/or John Doe (fictitiously named) was an agent, servant, or employee of Wise Foods, and/or ABC Companies (fictitiously named).

5. On or about December 11, 2019, Comstock and/or John Doe (fictitiously named) was operating a commercial vehicle, 2016 Freightliner tractor and trailer, leased by Wise Food, and/or ABC Companies (fictitiously named) on behalf of Wise Food and/or ABC Companies (fictitiously named), in the regular and ordinary course of his employment with Wise Food and/or ABC Companies (fictitiously named) and for the benefit of his employer.

6. On December 11, 2019, Comstock and/or John Doe (fictitiously named) operated his commercial vehicle in a careless and negligent manner causing his vehicle to run over a fire hydrant base located outside of the roadway at or near 150 Carol Place, Moonachie, Bergen County, New Jersey.

7. Comstock and/or John Doe (fictitiously named) was careless, reckless, and negligent in failing to properly execute a right turn onto the driveway of the property owned, operated and/or leased by Wise Food and/or ABC Companies (fictitiously named), which caused the trailer's tires to leave the roadway and run over the fire hydrant base.

8. Comstock and/or John Doe's (fictitiously named) negligent operation of the tractor trailer caused damage to the hydrant base and to Veolia's 12-inch underground water main located beneath Carol Place.

9. Wise Food and/or ABC Companies (fictitiously named) is vicariously liable for the negligent acts of its an agent, servant, or employee, Comstock and/or John Doe (fictitiously named).

10. As a result of the negligence of Comstock or John Doe (fictitiously named), Veolia sustained damage to its property which required emergency repairs to stop water from spilling out of the broken water main.

11. As a direct and proximate result thereof, the Veolia incurred costs and expenses which constitute damages in the amount of $94,414.17.

WHEREFORE, plaintiff, Veolia Water New Jersey, Inc., demands judgment against the Defendants for compensatory damages, attorneys' fees, costs of suit, and such other relief, as the Court deems appropriate.

## DESIGNATION OF TRIAL COUNSEL

This office hereby designates Brian R. Ade, Esq. as trial counsel for the plaintiff, Veolia Water New Jersey, Inc.

### JURY DEMAND

Please take notice that demand is hereby made for trial by jury on all issues so triable.

### CERTIFICATION PURSUANT TO R.4:5-1

Pursuant to R. 4:5-1, the undersigned hereby certifies that to the best of his knowledge, this matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding not is any action or arbitration proceeding contemplated, nor are other parties required to be joined in this action.

DATED:   July 1, 2022

### CERTIFICATION PURSUANT TO R. 1: 38:7

I certify that confidential personal identifiers have been redacted from the documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R.1:38-7.

DATED: July 1, 2022

RIVKIN RADLER
Attorneys for Plaintiff

BY: s/ Brian R. Ade
      Brian R. Ade, Esq.

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-003628-22

**Case Caption:** VEOLIA WATER NEW JERSEY, INC. VS COMSTOCK CLYDE

**Case Initiation Date:** 07/01/2022

**Attorney Name:** BRIAN R ADE

**Firm Name:** RIVKIN RADLER, LLP

**Address:** COURT PLAZA NORTH 25 MAIN ST STE 501 HACKENSACK NJ 076017021

**Phone:** 2012872460

**Name of Party:** PLAINTIFF : VEOLIA WATER NEW JERSEY, INC.

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PROPERTY DAMAGE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** VEOLIA WATER NEW JERSEY, INC.? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/01/2022
Dated

/s/ BRIAN R ADE
Signed